IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVNIA

KRISTEN JABLONSKI  :
2504 ROCKWOOD DRIVE  :
NORRISTOWN, PA 19403  :
  :
    vs.  :
  :
UNITED STATES of AMERICA  :
3190 S. 70TH STREET, ROOM 201  :
PHILADELPHIA, PA 19153  :
    and  :
UNITED STATES POSTAL SERVICE  :
3190 S. 70TH STREET, ROOM 201  :
PHILADELPHIA, PA 19153  :
    and  :
SAMIRA CASSANDRA BALL  :
2212 ASHWOOD AVENUE  :
PHILADELPHIA, PA 19154  :

## COMPLAINT-CIVIL ACTION

    This is a civil action under 28 U.S.C. §2401(b) and 39 C.F.R §912.9(a) under the Federal Tort Claims Act of the United States Constitution and other applicable pendent state laws.

## PARTIES

    1.    Kristen Jablonski (hereinafter referred to as "Plaintiff") is an adult individual, residing at the above-captioned address.

    2.    Defendant, United States of America (hereinafter referred to as Defendant "USA") was a sovereign nation.

    3.    Defendant United States Postal Service (hereinafter referred to as Defendant "USPS") was at all times material hereto an agency of Defendant USA.

    4.    Defendant Samira Cassandra Ball (hereinafter referred to as Defendant "Ball") is an individual defendant who resided at the above captioned address at the time of the accident at

issue herein, and at all times material hereto was acting within the course and scope of her employment and/or was under the control of Defendant USA and/or Defendant USPS. the operator of Defendant USA and/or Defendant USPS's vehicle, operating within the course and scope of his/her duties as an employee and/or agent of Defendant USA and/or Defendant USPS, at the time of the accident at issue herein.

## JURISDICTION

5. The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this action pursuant to pursuant to 28 U.S.C.A. § 1346(b).

6. Plaintiff timely filed an administrative claim pursuant to the Federal Tort Claims Act with Defendant USPS.

## VENUE

7. Pursuant to U.S.C. 1391(b), the venue of this suit is proper in the district in which the claim arose within the Eastern District of Pennsylvania.

## FACTS

8. This is an action for money damages for personal injuries arising from the negligent or wrongful acts of Defendant USA, through its agency Defendant USPS and agent Defendant Ball, who was acting within the course and scope of her employment on July 15, 2019, when a USPS Mail Truck (hereinafter referred to as "Defendant's Vehicle") operated by Defendant Ball, collided with a vehicle driven by Plaintiff (hereinafter referred to as the "Collision").

9. On or about July 15, 2019, Plaintiff owned and operated a motor vehicle (hereinafter referred to as "Plaintiff's Vehicle") on Pawlings Road at or near the intersection with Audubon Village Drive, in Montgomery County, Pennsylvania.

10. At the same date, time, and location, and suddenly and without warning, Defendant Ball, within the course and scope of her employment with Defendant USA and/or Defendant USPS, operated Defendant's Vehicle in a negligent, careless, and/or reckless manner which caused Defendant's Vehicle to strike Plaintiff's Vehicle (hereinafter referred to as the "Collision").

11. The Collision was solely due to the negligence, carelessness and/or recklessness of Defendants.

12. Plaintiff in no way contributed to the happening of the Collision.

13. As a direct result of the Collision, Plaintiff suffered various serious and permanent personal injuries, serious impairment of body function and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: lumbar herniation's, lumbar radiculopathy, cervical injury, and any other ills and/or injuries, all to Plaintiff's great loss and detriment.

14. As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

15. As an additional result of the Collision, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

16. As a further result of the Plaintiff's injuries, Plaintiff has in the past, is presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

17. Furthermore, in addition to all the injuries and losses suffered by the Plaintiff, Plaintiff has also incurred or will incur medical, rehabilitative and other related expenses

in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1701, et.seq., as amended, and/or Worker's Compensation Benefits pursuant to Act 57, and for which Plaintiff makes a claim for payment in the present action.

## COUNT I
### Kristen Jablonski v. United States of America

18. Plaintiff incorporates all herein the allegations set forth in the aforementioned paragraphs as if set forth here at length.

19. The negligence, carelessness and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

   a. Operating the Defendant's Vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;

   b. Failing to have the Defendant's Vehicle under proper and adequate control;

   c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent injuring Plaintiff;

   d. Failing to operate the Defendant's Vehicle at a speed which would allow defendant to stop within an assured clear distance;

   e. Operating the Defendant's Vehicle at a dangerous and excessive rate of speed under the circumstances;

   f. Being inattentive to defendant's duties as an operator of the Defendant's Vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from pedestrians and other vehicles in the vicinity of the Defendant's Vehicle;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending Collision;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of the Defendant's Vehicle;

m. Causing the Collision;

n. Operating the Defendant's Vehicle with disregard for the rights, safety and proximity of Plaintiff, even though defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect the Defendant's Vehicle or to maintain the Defendant's Vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate the Defendant's Vehicle in compliance with the applicable laws and ordinances of the County of Philadelphia and the

Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r.   In other respects that may be pointed out at time of trial.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount not in excess of Two Hundred Thousand ($200,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT II
### Kristen Jablonski v. United States Postal Service

20.   Plaintiff incorporates all herein the allegations set forth in the aforementioned paragraphs as if set forth here at length.

21.   The negligence, carelessness and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a.   Operating the Defendant's Vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;

b.   Failing to have the Defendant's Vehicle under proper and adequate control;

c.   Failing to observe the position of Plaintiff and to take such action as was necessary to prevent injuring Plaintiff;

d.   Failing to operate the Defendant's Vehicle at a speed which would allow defendant to stop within an assured clear distance;

e.   Operating the Defendant's Vehicle at a dangerous and excessive rate of speed under the circumstances;

f.  Being inattentive to defendant's duties as an operator of the Defendant's Vehicle;

g.  Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from pedestrians and other vehicles in the vicinity of the Defendant's Vehicle;

i.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j.  Failing to give Plaintiff meaningful warning signs concerning the impending Collision;

k.  Failing to exercise ordinary care to avoid injuring Plaintiff;

l.  Failing to be highly vigilant and maintain sufficient control of the Defendant's Vehicle;

m.  Causing the Collision;

n.  Operating the Defendant's Vehicle with disregard for the rights, safety and proximity of Plaintiff, even though defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o.  Failing to inspect the Defendant's Vehicle or to maintain the Defendant's Vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate the Defendant's Vehicle in compliance with the applicable laws and ordinances of the County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. In other respects that may be pointed out at time of trial.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount not in excess of Two Hundred Thousand ($200,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

## COUNT III
### Kristen Jablonski v. Samira Cassandra Ball

22. Plaintiff incorporates all herein the allegations set forth in the aforementioned paragraphs as if set forth here at length.

23. The negligence, carelessness and/or recklessness of defendant, acting individually and/or by and through agents, servants, workmen and/or employees, consisted of the following:

a. Operating the Defendant's Vehicle in a negligent, careless and/or reckless manner without regard for the rights or safety of Plaintiff or others;

b. Failing to have the Defendant's Vehicle under proper and adequate control;

c. Failing to observe the position of Plaintiff and to take such action as was necessary to prevent injuring Plaintiff;

d. Failing to operate the Defendant's Vehicle at a speed which would allow defendant to stop within an assured clear distance;

e. Operating the Defendant's Vehicle at a dangerous and excessive rate of speed under the circumstances;

f. Being inattentive to defendant's duties as an operator of the Defendant's Vehicle;

g. Disregarding traffic lanes, patterns and other devices;

h. Failing to keep an adequate distance from pedestrians and other vehicles in the vicinity of the Defendant's Vehicle;

i. Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

j. Failing to give Plaintiff meaningful warning signs concerning the impending Collision;

k. Failing to exercise ordinary care to avoid injuring Plaintiff;

l. Failing to be highly vigilant and maintain sufficient control of the Defendant's Vehicle;

m. Causing the Collision;

n. Operating the Defendant's Vehicle with disregard for the rights, safety and proximity of Plaintiff, even though defendant was aware, or should have been aware of Plaintiff's presence and the threat of harm posed to Plaintiff;

o. Failing to inspect the Defendant's Vehicle or to maintain the Defendant's Vehicle in a safe and non-defective condition;

p. Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public highway;

q. Failing to operate the Defendant's Vehicle in compliance with the applicable laws and ordinances of the County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles; and,

r. In other respects that may be pointed out at time of trial.

**WHEREFORE**, Plaintiff demands judgment in Plaintiff's favor and against Defendant in an amount not in excess of Two Hundred Thousand ($200,000.00) Dollars, plus all reasonable attorney's fees, costs and any other relief the court deems necessary.

**LAW OFFICES OF CRAIG A. ALTMAN**, **P.C.**

 **/s/ Eli S. Levine**
**ELI S. LEVINE, ESQUIRE**